PER CURIAM:
On August 18, 1980, the basement wall of the claimant’s home, which is located on State Route 14 at Butcher Hill, Wood County, West Virginia, collapsed. Claimant alleges that the damage was caused by land slippage from State property. The wall was repaired at a cost of $1,132.95.
The claimant’s son, Harry Anderson, testified that his father’s house sits below the road on the north side of Route 14 and that there is a hill on the south side. The house was built in 1938, but there had been no damage to it until 1980. Since 1938, there has been “natural movement of the hillside” and respondent has relocated Route 14 “numerous” times and made a pile driving correction in order to try to stablize the hillside. At the time of the damage, there was no ditch line along Route 14 because of the slippage. There had been rain for a day or two before August 18, and the water ran over the road onto claimant’s property, resulting in the collapse of the basement wall according to claimant’s son.
Ralph Adams, a geologist, testified that a subsurface investigation was performed in 1979 by Atec Associates in cooperation with respondent, and this investigation showed that a large slide area existed above and below Route 14. The claimant’s property is in the middle of the slide. The soils in the area are unstable and the ground water level is high. The investigation indicated that there was “a record of moving approximately 50 years with more recent movement.” The work that respondent has done on Route 14 served to slow down the land movement by cutting down the slope and *361 removing weight from the hillside. A slide correction has been proposed for the area, which would involve moving the roadway into the hillside and removing the slide material from the cut slope area.
The evidence indicates that the claimant’s home is situated in a slide prone area. The respondent has made some effort to slow down the slippage. In making its corrections, however, the respondent is under a legal duty to use reasonable care to maintain the ditch line in such condition that it will carry off surface water and not discharge it onto the property of others. Stevens v. Dept. of Highways, 12 Ct.Cl. 180 (1978). The Court finds that there is sufficient evidence to show that water was discharged onto the claimant’s property, and that the respondent’s failure to maintain the ditch line caused the discharge and resultant damage sustained by the claimant. The Court therefore makes an award in the amount of $1,132.95.
Award of $1,132.95.